# W. W. Morgan, Burgess for use of Borough v. Fred Fisher and Rosa Fisher.

A suit for the recovery of penalty under a borough ordinance, should
be in the corporate name of the borough, and not in the name of the Bur-
gess to the use of the borough.

Where a suit for the recovery of a penalty under a borough ordinance
is brought in the name of the Burgess to the use of the borough, and before
a Justice of the Peace who is also the Burgess, the fact that the Burgess is
the nominal plaintiff in the suit would not prevent him from hearing the
case in his capacity of Justice of the Peace.

The Act of June 4, 1897, providing a method of procedure for the col-
lection of fines imposed by borough ordinances, is not in conflict with
Article III, Sec. 3, of the Constitution of Pennsylvania which provides
that one subject, clearly expressed in the title, shall be enacted in each
bill.

Under the Act of June 4, 1897, all penalties recovered under borough
ordinances should be paid to the borough treasurer.

An ordinance which provides that in default of the payment of a fine
imposed by the ordinance, the offender may be imprisoned in the borough
lock-up for a period longer than five days, is in violation of the Act of June
4, 1897.

BOROUGH ORDINANCES—BOROUGH TREASURER.

Certiorari to W. W. Morgan, J. P. of the Borough of
Monaca, No. 59, September Term, 1902; C. P. Beaver Co.

The facts appear by the opinion of the Court.

Buchanan and Barnett for Fred Fisher and Rosa Fisher, Plaintiffs in Error.

J. F. Reed, for Defendant in Error.

OPINION:

WILSON, P. J.   This was an action instituted by Robert L. Baker, chairman of the ordinance committee of the Borough of Monaca, alleging by authority and direction of the town council of the Borough of Monaca, against Fred Fisher and Rosa Fisher, of the same borough, for the penalty prescribed by ordinance No. 85 of said borough, said ordinance prohibiting the erection of wood or frame, or tin, or iron-clad wooden buildings or construction on Ninth Street and Pennsylvania Avenue, between Fourteenth Street and Eighteenth Street in said borough, and providing for the removal of any such hereafter constructed and penalties for the construction thereof.

Section 1 of said ordinance declared the erection of such buildings to be unlawful.   Section 2 of said ordinance provided: "Any person or persons violating any of the provisions of this ordinance, shall, upon conviction thereof before the Chief Burgess of the said borough or any Justice of the Peace therein, forfeit and pay to the said Burgess for the use of the said borough the sum of not less than twenty-five dollars nor more than one hundred dollars, and costs, the said penalty to be recoverable as provided by Act of Assembly, and in default of the payment of said penalty the person or persons so offending shall be committed to the borough lockup for a period not exceeding thirty days."

This action was brought before W. W. Morgan, Justice of the Peace, upon the information of Robert L. Baker, Chairman of the Ordinance Committee, who in instituting the proceeding brought it in the name of W. W. Morgan, Burgess, for the use of the Borough of Monaca; a summons was issued, as is warranted by the Act of Assembly, and after hearing the Justice found Fred and Rosa Fisher guilty of violating said ordinance, and fined the defendants the sum of one hundred dollars and

costs, and in default of the payment of the said $100 and costs directed that they be committed to the borough lockup for a period of five days.

The assignments of error upon the certiorari are:

First. The suit should have been brought in the corporate name of the borough.

Second. The Justice being the plaintiff in the suit would have no jurisdiction in the case.

Third. The second section of the ordinance under which suit was brought, and under which judgment was rendered, is without warrant of law, that Act of Assembly under which it was formed, the Act of June 4th, 1897, P. L. 121, being in conflict with Article III, Sec. 3, of the Constitution of Pennsylvania.

Fourth. The judgment is erroneous in that it directs the payment of the fine imposed to the Burgess for use of the borough, instead of the treasurer, as required by the Act of Assembly.

There is no question but what the action should have been brought in the name of the Borough of Monaca. It is a corporation authorized to sue and be sued, and there is no necessity for joining in the action the Burgess. There is no Supreme Court case upon this question brought to the attention of the Court, and none the Court can find, but all of the lower Courts have taken the same position. And this is reasonable. Why should the Burgess be joined by name in an action in which the Borough itself is authorized to sue? The words "for use" would indicate that the action first originated in W. W. Morgan, Burgess, and that he assigned those rights to the Borough of Monaca, while in fact the Borough of Monaca is the original party, and the action should have been brought directly in the name of the Borough of Monaca. While this might have been amendable yet no motion was made in that direction.

The second assignment relates to the jurisdiction of the Justice because he was also plaintiff. The information in the case was made by Robert L. Baker, and while it joined the Bur-

gess as plaintiff, the Burgess had no interest whatever in the result of his finding other than he would have as Burgess of the town, or a Justice of the Peace therein.   The Act of Assembly provides that the action may be brought before the Burgess or Justice of the Peace in the borough, and the positions would not be incompatible, and they would not invalidate the findings of the Justice.

The third section is not tenable in the mind of the Court, that is, that the act is unconstitutional under which the ordinance is drawn, but the fourth assignment of error, relating to the payment of the fine to the Burgess for use of the borough instead of to the treasurer, as required by the Act of Assembly, seems to be well taken.   The Act provides that the fines be paid to the Burgess for the use of the Borough.

The copy of the ordinance set out in the record of the Justice of the Peace does not conform to the Act of Assembly, in that it provides for thirty days in the lockup, while the act authorizes the sentencing to the lockup for five days or to the county jail for thirty days.

The Court cannot understand why the record of the Justice should in these matters not conform to the Act of Assembly. The Act is clear and concise and provides in full the method of procedure which it is the duty of the Burgess or of the Justice before whom the action is brought to follow strictly.   It is in the nature of a criminal proceeding, with fine and penalty, and it is the duty of the Court to construe the Act and record strictly. The Court is averse to setting aside judgments on technicalities, and if it were not in the nature of a criminal proceeding would be disposed to sustain the action.

And now, November 24th, 1902, the judgment of the Justice is reversed and set aside.

Reported by Lawrence M. Sebring, Esq.,

Beaver, Pa.